PER CURIAM:
Claimant seeks an award of $65.00 for suspension fees and pick-up order fees which he paid respondent and which he alleges were wrongfully assessed by respondent. Claimant, by personal check dated June 15, 1982, paid an $8.00 license fee for a trailer. The check was returned for insufficient funds. Claimant was notified in early July 1982 that the check had been returned and he should submit $18.00 for the license and returned check fee. Claimant mailed a second personal check in the amount of $18.00 to respondent. At some point in July, claimant said he received the license and assumed the matter was settled. He claims he did not receive any further letters from respondent until March 1983 when he received the suspension order. The order suspended claimant’s license and registration and directed the Department of Public Safety to pick up the same for nonpayment of fees. As a result of the order, the claimant was assessed $65.00 which he paid to respondent.
Robert Morrison, Manager of the Bureau of Administration with respondent, stated that several letters were written to claimant concerning the fees. After the initial check was returned, claimant was notified that $18.00 would be required and it would have to be in the form of a certified check or money order. Departmental regulations do not allow a second personal check in payment of a previous personal check which was returned for insufficient funds. The second personal check was, therefore, returned to claimant according to Mr. Morrison. Other correspondence with claimant resulted in no payment, so the suspension order was issued. Mr. Morrison stated that the letters sent to claimant were addressed to the same address as the initial letter, and none were returned to respondent.
Based on the evidence presented, the Court can find no basis for an award to the claimant. Claimant was notified that a check in the amount of $18.00 would have to be in the form of a certified check or money order; however, he mailed a personal check in the amount of $18.00. Although claimant stated that he heard nothing further from respondent, there exists a presumption in the law that a letter, properly addressed, will be received, and the Court finds that claimant has not presented sufficient evidence to override the presumption. The Court must, therefore, disallow the claim.